NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GLEN MAYS, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 08-CV-3379 (DMC) |
|  | : |  |
| ROBERT E. UNTIG, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants, Sussex County Sheriff Robert E. Untig and Sussex County Undersheriffs, John G. Armeno, Virgil Rome, Jr. and David Dimarco, to dismiss Plaintiff Glen Mays' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering all submissions, it is the decision of this Court that Defendants' motion is **granted**.

I.    BACKGROUND

On June 28, 2008, Glen Mays ("Plaintiff") filed an initial complaint against Sheriff Robert E. Untig, Undersheriff John G. Armeno, Undersheriff Virgil Rome, Jr. and Undersheriff David Dimarco ("Defendants") pursuant to 42 U.S.C § 1983. Plaintiff alleges that despite a serious outbreak of a staph infection in the Sussex County Jail, in 2007, Plaintiff was housed in a cell with another inmate, Rafael Santiago, suffering from a full blown case of MERSA [sic] ("MRSA" or "methicillin-resistant staphylococcus aureus"). Plaintiff also alleges that during the twenty-one months of his incarceration preceding the filing of this complaint, Plaintiff's life was in danger

because the jail facility was not equipped with fire sprinklers and no fire drills were conducted. Additionally, Plaintiff asserts that there "is no medical sick unit in this facility." Instead, Plaintiff asserts that "they house med-locks in population and let them use the population shower before they are cleared for population."

Additionally, Plaintiff contends that the shower Plaintiff is required to use has no drain, allowing water, including bacteria and microorganisms, to collect resulting in a foul odor. As a result, Plaintiff has suffered a foot infection, with brown spots on the bottom of Plaintiff's foot, with a darkening of Plaintiff's toe nails and with a fungus developing causing at least one toenail to fall off. Plaintiff further asserts that half of the inmates suffer with rashes as a consequence of the bacteria infested shower. Without remedial measures the shower remains a hazardous condition to the inmate's health.

In an amended complaint, dated June 30, 2009, Plaintiff requests monetary and punitive damages. Plaintiff alleges that to date his foot infection has not been treated and also asserts a claim for mental suffering as a consequence of the unsafe facility and exposure to MRSA.

On August 24, 2009, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). This motion is unopposed.

## II.   LEGAL STANDARD

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is]

not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain,

478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a

speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if

doubtful in fact)." Bell at 555-56.

> Notably,

> [t]he court shall on its own motion or on the motion of a party dismiss any action
> brought with respect to prison conditions under section 1979 of the Revised Statutes
> of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility if the court is satisfied that
> the action is frivolous, malicious, fails to state a claim upon which relief can be
> granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1). At the same time,

> [i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim
> upon which relief can be granted, or seeks monetary relief from a defendant who is
> immune from such relief, the court may dismiss the underlying claim without first
> requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).

**III.    DISCUSSION**

> A.    Facial Deficiency

First, Defendants contend that Plaintiff's complaint is facially deficient. According to

Defendants, although Plaintiff's complaint alleges exposure to MRSA, the complaint fails to allege that

Plaintiff contracted the condition. Further, Defendants contend that Plaintiff's complaint fails to assert

that any of the Defendants were aware of the other inmate's condition. Therefore, Defendants claim

that "Plaintiff's allegation cannot reasonably be interpreted to be the result of misconduct by Defendants." (D. Br. at 8). Defendants argue that Plaintiff fails to assert any injury as a result of the absence of fire sprinklers or fire drills. Moreover, with respect to fire safety, Defendants assert that the facility is up to code and subject to annual inspection. Defendants dispute the absence of a shower drain and contend that, even assuming Plaintiff's allegations were true, there is no harm alleged as a consequence of the drainage issue. Moreover, Defendants assert that any harm alleged by Plaintiff is insufficient to support a claim pursuant to the Eighth Amendment to the United States Constitution which requires a prisoner to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. J.W. Gamble, 429 U.S. 97, 106 (1976).

Although not a source of substantive rights, 42 U.S.C. § 1983 provides a method of vindication for rights secured by the Constitution and federal statutes of the United States. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). "A public official is liable under § 1983 only if he causes the plaintiff to be subjected to deprivation of his constitutional rights." Id. at 142. "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Id. at 140. "If there has been no such deprivation, the state of mind of the defendant is wholly immaterial." Id.

"A prison official violates the Eighth Amendment when the official is deliberately indifferent to inmate health and safety and when this act or omission results in the denial of the 'minimal civilized measure of life's necessities.'" Caldwell v. Beard, 2009 U.S. App. LEXIS 9029, *3 (3d Cir. Apr. 27, 2009). "In order to establish a cognizable Eighth Amendment claim, a prisoner is required to allege 'more than ordinary lack of due care for the prisoner's interests or safety." Id. (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). "Therefore, a prison official can be held liable under the Eighth Amendment

for denying humane conditions of confinement if he knows that inmates faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id</u>. at *4. "Claims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference.'" <u>Id</u>. Therefore, claims amounting to mere negligence are not actionable under § 1983. <u>Id</u>. (concluding that "[a]lthough increased water temperature in the prison's kitchen may pose a risk, [plaintiff]'s allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment."). Additionally, "in a section 1983 case, a defendant must have been personally involved in the alleged wrongdoings." <u>Id</u>. at n.1.

In analyzing Plaintiff's complaint, the constitutional privilege most closely approximated with the facts alleged appears to be the Eighth Amendment. It is not evident that Plaintiff ever sought medical attention as a consequence of the toenail loss, fungus or other related effects of the alleged foot infection. Further, when Plaintiff refused to enter the cell with the inmate allegedly affected MRSA, it appears that the affected inmate was removed, minimizing any implication of deliberate indifference. However, at the same time, it is not clear whether appropriate measures were instituted to disinfect the cell in order to abate Plaintiff's risk of exposure. Additionally, although Defendants' positions of authority imply a standard of responsibility for inmate health, safety and welfare, it is unclear that the named Defendants engaged in deliberate indifference or were directly involved in Plaintiff's exposure to the affected inmate.

The absence of sprinklers or fire drills, so long as the facility is in compliance with local fire code, does not amount to a viable claim. Although poor drainage which can result in the accumulation of bacteria and other infectious matter should be remedied, there is no proof that the foot condition alleged by Plaintiff arose as a consequence of the drainage status. Ultimately, the circumstances of

Plaintiff's alleged exposure do not rise to the level of a cognizable Eighth Amendment claim pursuant to 42 U.S.C. § 1983, amounting instead to mere negligence.[1]  Indeed, it is unclear that the allegations set forth by Plaintiff, even when read in the light most favorable to Plaintiff, create a viable constitutional or federal statutory claim.

B.      Administrative Remedies

Second, Defendants contend that Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), forecloses an action before this Court.  Plaintiff failed to utilize the Sussex County Jail's "Inmate Grievance Procedure."  Defendants contend that this failure requires this Court to dismiss Plaintiff's claim with prejudice.

Pursuant to subsection a,

[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The Sussex County Sheriff's Office permits a grievance to be "initiated for an alleged violation of Civil, Constitutional or statutory rights or of policy; an alleged criminal or prohibited act by a staff member; to resolve a condition existing within the Jail that creates unsafe or unsanitary living conditions; or to appeal a decision of the Disciplinary Committee."  (Ex. B).

Plaintiff's claims appear to arise as a consequence of alleged prison conditions.  Indeed, there is no evidence that Plaintiff exhausted or even pursued the applicable administrative remedies available.  Therefore, for purposes of inclusion, Plaintiff's complaint is also dismissed for a failure

---

[1]In the absence of a cognizable federal claim and given that the facility at issue is a county jail, to the extent Plaintiff retains a viable claim for negligence, the appropriate forum is a New Jersey State Court.

to exhaust available administrative remedies.

      C.    Qualified Immunity

     Third, in response to Plaintiff's allegations, Defendants assert a qualified immunity defense. Defendants contend that while Plaintiff has not alleged claims against Defendants in their individual capacities, to the extent that Plaintiff's claims arise against Defendants in their official capacities, such claims are foreclosed by the qualified immunity doctrine. Therefore, Defendants argue that Plaintiff's complaint should be dismissed with prejudice.

     "On its face, § 1983 admits of no immunities." Tower v. Glover, 467 U.S. 914, 920 (1984). "But since 1951 this Court has consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation[,]" including recognition of qualified immunity for state executive officers. Id. "Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another of his or her federal rights." Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir. 2005). "When an officer's actions give rise to a [§] 1983 claim, the privilege of qualified immunity, in certain circumstances, can serve as a shield from suit." Id. While the privilege of qualified immunity serves to insulate public officials from suit, the privilege may be overcome where "state officials 'violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (citations omitted). In assessing whether the privilege has been overcome,

       [a] court required to rule upon the qualified immunity issue must consider, then, this
       threshold question: Taken in the light most favorable to the party asserting the injury,
       do the facts alleged show the officer's conduct violated a constitutional right? This
       must be the initial inquiry. . . . If no constitutional right would have been violated
       were the allegations established, there is no necessity for further inquiries concerning
       qualified immunity. On the other hand, if a violation could be made out on a favorable
       view of the parties' submissions, the next, sequential step is to ask whether the right

was clearly established.

Id.

      In the instant matter, this Court cannot discern a viable constitutional or statutory claim from Plaintiff's complaint.  Therefore, it is not necessary to address whether a defense of qualified immunity precludes this action from proceeding.

**IV.**    C̲ONCLUSION

      For the foregoing reasons, Defendants' motion is **granted** and Plaintiff's complaint is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e.  An appropriate order accompanies this opinion.

                                                       S/ Dennis M. Cavanaugh

Dated:         January  26 , 2010             Dennis M. Cavanaugh, U.S.D.J.

cc:             All Counsel of Record

                   Hon. Mark Falk, U.S.M.J.

                   File